UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SERGIO RAMOS,

                Movant,

-vs-

UNITED STATES OF AMERICA,

                Respondent.

**No. 6:03-CR-06056 (MAT)**
**No. 6:16-CV-06405 (MAT)**

**DECISION AND ORDER**

---

**I. Introduction**

On June 15, 2016, movant Sergio Ramos ("Ramos"), a federal prisoner, moved this Court to vacate and correct his sentence pursuant to 28 U.S.C. § 2255. Ramos' challenge to his sentence was based on *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015), in which the Supreme Court struck down, as unconstitutionally vague, the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), the language of which was identical to the residual clause of the Federal Sentencing Guidelines, under which Ramos was sentenced. Ramos' motion was fully briefed (*see* Docket Nos. 119, 122, 124, 125), and he subsequently requested that the matter be held in abeyance pending the Second Circuit's resolution of *United States v. Jones*, No. 15-1518-cr. The Court granted this request. Docket No. 127.

The Federal Public Defender, who had represented Ramos on his § 2255 motion, subsequently moved to withdraw as counsel. Docket No. 128. In a Decision and Order dated July 1, 2017, the Court lifted the stay in this matter, granted the Federal Public Defender's motion to withdraw as counsel, and instructed Ramos to

file any additional memorandum no later than July 21, 2017. Docket No. 131. Ramos did not file any such memorandum. Accordingly, his § 2255 motion is ripe for adjudication.

**II. Discussion**

As set forth above, Ramos' § 2255 motion is predicated on the argument that *Johnson* applies to the residual clause contained in the Federal Sentencing Guidelines. However, on March 6, 2017, the Supreme Court decided *Beckles v. United States*, No. 15-8544, and held that *Johnson*, which found the residual clause of the ACCA unconstitutionally void for vagueness, did *not* void for vagueness the identical residual clause language contained in the Federal Sentencing Guidelines, which controlled Ramos' sentence. *See Beckles v. United States*, __ U.S. __, 137 S. Ct. 886, 894 (2017). In light of *Beckles*, Ramos' argument based on *Johnson* is without merit. *See, e.g., United States v. Flores*, 2017 WL 1274216, at *1 (S.D.N.Y. Apr. 4, 2017) ("Because the Supreme Court held in [*Beckles*] that, unlike ACCA, the Sentencing Guidelines are not subject to vagueness challenges, defendant's motion is denied."). Accordingly, Ramos' § 2255 motion is denied.

**III. Conclusion**

For the foregoing reasons, it is hereby

**ORDERED** that Ramos' Motion to Vacate under 28 U.S.C. § 2255 (Docket No. 119) is denied. The Clerk of the Court is instructed to close related civil case number 6:16-cv-06405.

**ALL OF THE ABOVE IS SO ORDERED.**

                                        **S/Michael A. Telesca**
                                    _____
                                      HON. MICHAEL A. TELESCA
                                    United States District Judge

Dated:    August 9, 2017
            Rochester, New York.